IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMWEL OKARI ANYIMU,

     Petitioner,

     v.                                  CASE NO. 16-3232-JWL

DEPARTMENT OF HOMELAND
SECURITY,

     Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is detained under an order of removal entered by the immigration court in Kansas City, Missouri. Petitioner seeks immediate release from custody, asserting that his continued detention pending removal has exceeded the six-month period considered presumptively reasonable. The Court finds that Petitioner's allegation that there is no significant likelihood of removal in the reasonably foreseeable future is sufficient to shift the burden to Respondent to rebut this showing.

**I. Background**

On or about August 3, 2001, Petitioner, a native and citizen of Kenya, entered the United States in Cleveland, Ohio, with an F-1 Student Visa. On December 10, 2015, the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, charging Petitioner with removability under INA § 237(a)(1)(C)(i)[1] due to violation of his student visa on the grounds: (1) Petitioner did not attend Wichita State

---

[1] 8 U.S.C. § 1227(a)(1)(C)(i).

University from May 2003 to July 18, 2006; (2) Petitioner enrolled at Butler County Community College in August 2004 without proper authorization from DHS; and (3) Petitioner accepted employment for wages or other compensation without authorization from DHS. (Doc. 4–1, at 4.) On the same day, Petitioner was served a copy of the Notice to Appear and was issued a $10,000 bond by ICE. Petitioner was first taken into custody on December 10, 2015, and has remained in custody since that date.

On February 11, 2016, an immigration judge ordered Petitioner removed to Kenya. On February 26, 2016, Petitioner filed an appeal from the removal order. On May 13, 2016, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal and the removal order became final.

Kenya requires a travel document for anyone being removed who is not in possession of a valid passport. (Doc. 4–1, at 6.) Because Petitioner's passport is expired, Deportation Officer Katy Casselle ("Casselle") sent a travel document request via UPS to the Kenya Consulate in Los Angeles, California, on June 22, 2016. Casselle sent emails to the Kenya Consulate on July 14, July 27 and August 2, 2016, to inquire about the status of the travel document request. The emails were returned as undeliverable, due to the Consulate's inbox being full. Casselle also left voicemails with the Kenya Consulate on July 27 and August 2, 2016, to inquire about the status of the travel document request; but she did not receive a call back. On August 2, 2016, Casselle requested assistance from ICE Headquarters to obtain a travel document for Petitioner by emailing Robert Tremont, who is the Point of Contact for cases involving Kenyan nationals. Mr. Tremont relayed that the consulate is still reviewing the travel request.

On August 4, 2016, Casselle completed the Post Order Custody Review Worksheet ("POCRW") and recommended that Petitioner continue to remain in ICE custody based on the

pending request for a Kenya travel document. (Doc. 3, at 7–14.) The POCRW provides that Petitioner does not appear to meet any of the criteria of 8 CFR § 241.14 for continued detention. On August 9, 2016, the Enforcement and Removal Office ("ERO") issued a "Decision to Continue Detention," finding that "ICE has submitted an application for a travel document to the Kenya Embassy. ICE expects that the Embassy will issue the travel document in the near future." (Doc. 5–1, at 1.) Petitioner was served with a copy of the decision to continue his detention on the same day.

On November 2, 2016, Casselle completed the Transfer Checklist for the 180-day Post Order Custody Review ("POCR"), and transferred the checklist to ICE Enforcement and Removal Office Headquarters Removal and International Operations ("ICE/ERO HQ RIO"). A Decision to Continue Detention, dated November 8, 2016, was entered by ICE/ERO HQ RIO, and the decision was served on Petitioner on November 16, 2016. (Doc. 5–1, at 2.) Petitioner filed this petition for writ of habeas corpus on November 17, 2016.[2]

## II. Discussion

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). The federal district courts have habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

---

[2] Petitioner previously filed a habeas petition in this Court (*Anyimu v. DHS*, No. 16-3131-JWL). Because that case was filed within four months of Petitioner's final removal order, the Court dismissed the matter on September 7, 2016, finding Petitioner's detention presumptively reasonable.

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Id*. at 529.

Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. Under § 1231, the removal period begins on the latest of: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed, and the court orders a stay of removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). An order of removal is administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i).

After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) and *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).

While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6),[3] the government may not detain such an

---

[3] Section 1231(a)(6) provides that:
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order or removal, may be detained beyond the removal period and, if released, shall be subject to terms of supervision in paragraph (3).

Petitioner's removal was under § 1227(a)(1)(C)(i).

alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

The order for Petitioner's removal became administratively final on May 13, 2016, when the BIA dismissed his appeal of the removal order. Although Petitioner has been detained in excess of the presumptively reasonable six-month period, he must show that there is no significant likelihood of removal within the reasonably foreseeable future.

Petitioner alleges that because DHS has failed to secure travel documents for Petitioner and has not been contacted by the Kenya Consulate, there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. The Court finds that Petitioner has made a sufficient showing that there is no significant likelihood of removal within the reasonably foreseeable future. Although ICE has attempted to contact the Kenya Consulate, there is no evidence that the Consulate has responded to ICE. Petitioner has cooperated fully with the efforts by ICE to remove him during the removal period, by providing identity documents (passport, birth certificate and driver's license) and necessary biographical information, and by complying with all demands by ICE. *Cf. Aiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (unpublished) (finding that the main reason petitioner remained in the

United States was his repeated court challenges to removal and refusal to cooperate with ICE officials in obtaining a passport and other necessary travel documents).

The Court finds that Petitioner's allegations are sufficient to shift the burden to Respondent to rebut this showing.  Accordingly, Respondent is directed to show that Petitioner's removal in the foreseeable future is likely.  *See Lewis v. INS*, No. 00CV0758(SJ), 2002 WL 1150158, at *4–5 (E.D.N.Y. May 7, 2002) (where immigration officials had been unsuccessful in obtaining travel documents and there was no evidence that Consulate responded to any of INS's letters, court directed INS to show that petitioner's removal was likely within 30 days of filing of the order).  Although Respondent has set forth ICE's attempts to contact the Kenya Consulate, there is no evidence that the Consulate has actually responded or indicated that it is taking steps to provide Petitioner's travel documents.  *See Kacanic v. Elwood*, No. CIV.A. 02-8019, 2002 WL 31520362, at *3 (E.D. Pa. Nov. 8, 2002) (finding no legitimate reason to believe that removal will occur in the reasonably foreseeable future where there was lack of any definitive answer or any indication that a definitive answer was likely soon from Yugoslavian officials) (citing *Mohamed v. Ashcroft*, 2002 U.S. Dist. Lexis 16179, at *3 (W.D. Wash. April 15, 2002) (finding that the lack of a definite answer from the foreign consulate indicated that no removal was likely in the reasonably foreseeable future); *see also Seretse v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.C. Cir. 2002) ("Respondents have not demonstrated to this Court that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.") (citing *Okwilagwe v. INS*, No. 3–01–CV–1416–BD, 2002 WL 356758, at *2–3 (N.D. Texas March 1, 2002) (alien detained for eleven months after INS represented that it would have travel documents in a few days; court found that if INS did not have documents in hand, it failed

to sustain its burden of showing that alien's removal would occur in the reasonably foreseeable future)).

If Respondent cannot rebut Petitioner's showing of the unlikelihood of removal within 30 days of the filing of this Memorandum and Order, then Petitioner must be released.  Although the regulation at 8 C.F.R. § 241.14 allows ICE to continue detention of particular removable aliens even though there is no significant likelihood that the alien will be removed in the reasonable foreseeable future, Petitioner does not fall within the special circumstances set forth in the regulation.[4]  The POCRW provides that Petitioner does not appear to meet any of the criteria of 8 CFR § 241.14 for continued detention.  (Doc. 3, at 14.)

**IT IS THEREFORE BY THE COURT ORDERED** that the Respondent shall provide a sufficient rebuttal within thirty days of this Memorandum and Order.  Absent such a showing, the petition for habeas corpus will be granted.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2017, at Kansas City, Kansas.

                                      **s/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**

---

[4] "The regulation recognizes four categories of aliens whose special circumstances warrant continued detention:  (1) aliens with a highly contagious disease that is a threat to public safety; (2) aliens detained on account of serious adverse foreign policy consequences of release; (3) aliens detained on account of security or terrorism concerns; and (4) aliens determined to pose a special danger to the public." *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1243 (10th Cir. 2008) (citing C.F.R. § 214.14(b–d), (f)).